**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| **Plaintiff,** | |
| **v.** | **Criminal No.** 08-164 (FAB) |
| CARLOS DAVILA-FELIX, | |
| **Defendant.** | |

**OPINION AND ORDER**

BESOSA, District Judge.

On December 13, 2011, the First Circuit Court of Appeals remanded this case for re-sentencing. <u>United States v. Davila-Felix</u>, 667 F.3d 47 (1st Cir. 2011). In a status conference held on May 16, 2012, the United States ("the government") indicated that in preparation for re-sentencing, it had acquired additional evidence concerning the June 25, 1993 convictions of defendant Carlos Davila-Felix pursuant to Article 401 of the Puerto Rico Illegal Substances Act. Accordingly, the Court directed the parties to submit arguments as to "whether the Court can consider the documents now obtained by the [g]overnment for re-sentencing or be limited to the charging documents and original sentence." (Docket No. 116.) Having considered defendant's motion in compliance, (Docket No. 125), the government's memorandum of law, (Docket No. 126), defendant's reply in opposition, (Docket No. 131), the government's sur-reply, (Docket No. 134), and defendant's response in opposition, (Docket No. 137), the Court finds that it MAY CONSIDER additional documents concerning

defendant's June 25, 1993 convictions for purposes of re-sentencing.

I.    **BACKGROUND**

    **A.    Procedural History**

        The procedural history and underlying details of this case have been enunciated in the First Circuit Court of Appeals' published opinion. (See United States v. Davila-Felix, 667 F.3d 47 (1st Cir. 2011); Docket No. 102.)  The Court, therefore, keeps its recitation of the facts brief.

        Over a six-month period in 2003, defendant Davila-Felix participated in a series of armed robberies in and around San Juan, Puerto Rico.  Davila-Felix, 667 F. 3d at 49.  The robberies took place on May 9, July 9, July 24, September 8, October 17, and November 3, 2003.  Id.  Commonwealth of Puerto Rico authorities arrested him in March 2004 and charged him with five of the six robberies and related weapons offenses.[1]  Id.  Defendant Davila-Felix pleaded guilty to the offenses and was sentenced to six years' imprisonment for each of the robbery convictions and to five years' imprisonment for the weapons-related offenses, all to be served concurrently with each other.  Id.  He was released from prison in 2007 and indicted on April 30, 2008 on federal bank robbery and weapons charges in connection with the September 8, 2003 robbery, which is the offense before this Court.  Id. at 50.

---

[1] The September 8, 2003 robbery of First Bank Puerto Rico was the only charge that the Commonwealth of Puerto Rico did not bring against defendant.

Before trial began, the government filed an information pursuant to 21 U.S.C. § 851(a)(1) notifying the Court of its intention to seek a mandatory life sentence under 18 U.S.C. § 3559(c)(1), known as the "three strikes" provision. (Docket No. 53.) The government relied on four of defendant's prior convictions in order to satisfy the three strikes provision, and requested mandatory life imprisonment at sentencing: (1) a May 26, 1993 conviction for second-degree murder, robbery, and two weapons violations; (2) a June 25, 1993 conviction for two violations of article 401 of the Puerto Rico Controlled Substances Act; (3) a July 20, 2000 conviction for violation of article 404 of the Puerto Rico Controlled Substances Act; and (4) an April 5, 2004 conviction for bank robbery and weapons violations. Id. On March 27, 2009, a jury found defendant guilty of using force and intimidation to rob a bank insured by the Federal Deposit Insurance Corporation ("FDIC"), in violation of 18 U.S.C. § 2113(a), and (d), and knowingly brandishing a firearm during the commission of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Davila-Felix, 667 F. 3d at 50.

At the sentencing hearing conducted on September 29, 2009, the Court sentenced defendant to life imprisonment for the bank robbery offense and 84 months' imprisonment for the weapons offense, to be served consecutively, imposing a five-year term of supervised release for each conviction, to be served concurrently. (Docket No. 99 at p. 44.) The Court found that the life imprisonment sentence was warranted under two distinct statutory

provisions: the three strikes provision of 18 U.S.C. §
3559(c)(1),[2] and the career offender guideline of U.S.S.G. § 4B1.1.[3]
First, the Court interpreted the three strikes provision to mean
that the offense of conviction, which the Court counted as
defendant's "third strike," could be committed *before* the
defendant's conviction for the preceding "second strike" offense.
(See Docket No. 99 at pp. 5-13; Davila-Felix, 667 F. 3d at 52.) Of
the four convictions the government included in its information and
pre-sentencing report, and that were available for consideration at
sentencing, defendant's May 26, 1993 conviction for second degree
murder and April 5, 2004 convictions for armed robberies provided
the basis for the two prior "strikes" pursuant to 18 U.S.C.
§ 3559(c)(1). (Docket No. 99 at 40-44.) The Court thus concluded
that defendant had committed the "three strikes" warranting a life
sentence. Id. Second, the Court interpreted the "prior felony
convictions" language in the career offender guideline's third
element to be satisfied if, prior to sentencing for this offense,
the defendant had been convicted of two qualifying offenses. (See

---

[2] 18 U.S.C. 3559(c)(1) states, in pertinent part, "Each
serious violent felony or serious drug offense used as a basis for
sentencing under this subsection, other than the first, was
committed after the defendant's conviction of the preceding serious
violent felony or serious drug offense."

[3] U.S.S.G. § 4B1.1 classifies a person as a career offender if
the following three criteria are satisfied: "(1) the defendant was
at least eighteen years old at the time the defendant committed the
instant offense of conviction; (2) the instant offense of
conviction is a felony that is either a crime of violence or a
controlled substance offense; and (3) the defendant has at least
two prior felony convictions of either a crime of violence or a
controlled substance offense."

id. at pp. 5-13, 41; Davila-Felix, 667 F. 3d at 54.)   Because
defendant "was 18 years old or older at the time he committed the
offense, because he had two prior convictions -- two prior
convictions of crimes of violence, and because this offense is a
felony that entails a crime of violence," the Court concluded that
defendant qualified as a career offender pursuant to section 4B1.1
of the Guidelines and merited the sentencing enhancement of life
imprisonment.   (Docket No. 99 at p. 41.)   Defendant appealed.

**B.    The First Circuit Court of Appeals' Ruling**

On appeal, the First Circuit Court of Appeals reversed
the sentence imposed by this Court, finding error in the Court's
statutory interpretations of both 18 U.S.C. § 3559(c)(1) and
section 4B1.1 of the Sentencing Guidelines.   Davila-Felix, 667 F.3d
at 49.

**1.    The Three Strikes Provision**

Interpreting the three strikes language of 18 U.S.C.
§ 3559(c)(1) to require a sequential approach, the First Circuit
Court of Appeals found that a defendant's offense of conviction
must be committed not only after the preceding offenses, but also
after the defendant's *conviction* for the preceding offenses.   Id.
at 52-53.   Under that statutory interpretation, defendant's
April 5, 2004 convictions could not serve as his "second strike,"
because the convictions occurred *after* the acts giving rise to the
September 8, 2003 armed bank robbery.   In the interest of
completeness, the First Circuit Court of Appeals then applied the
statute to the facts before it to examine whether the drug

convictions listed in the government's information could substitute as predicate offenses. Id. at 53 n.7. Ultimately, it found, "On the record before us, [defendant's] June 1993 and July 2000 drug convictions identified in the information cannot serve as a 'serious drug offense' for the purposes of § 3559(c)(1) such that they would qualify as a second strike under the statute." Id. at 53. A "serious drug offense" pursuant to § 3559(c)(1) requires conduct involving a drug quantity sufficient to be punishable under 21 U.S.C. §§ 841(b)(1)(A), 848, or 960(b)(1)(A). See 18 U.S.C. § 3559(c)(2)(H). Because Article 404 of the Controlled Substances Act of Puerto Rico--the statute under which defendant was convicted in July 2000, however, "prohibits only simple possession and makes no mention of drug quantity," the First Circuit Court of Appeals found that on the record before it, defendant's July 2000 conviction does not qualify as a "serious drug offense." Davila-Felix, 667 F.3d at 53. The First Circuit Court of Appeals applied similar reasoning to defendant's June 25, 1993 conviction, stating that the Commonwealth court records of that conviction presented by the government were insufficient to show that it constituted a "serious drug offense" pursuant to 18 U.S.C. § 3559(c)(2)(H). Id. at 54.

## 2.    The Career Offender Guideline

Interpreting section 4B1.2(b) of the Sentencing Guidelines, the First Circuit Court of Appeals found that the third element of the career offender guideline requires a defendant's convictions for two qualifying prior offenses to have occurred

*prior to the commission* of the offense of conviction.  <u>Davila-</u>
<u>Felix</u>, 667 F.3d at 55.  Under that statutory interpretation, the
First Circuit Court of Appeals again reasoned that defendant's
April 5, 2004 convictions cannot serve as a "prior felony
conviction" because those convictions occurred *after* September 8,
2003, when the acts giving rise to the offense of conviction took
place.   The First Circuit Court of Appeals then applied the
guideline to the record before it and analyzed whether defendant's
other convictions qualify as a controlled substance offense
sufficient for sentencing enhancement. It concluded that the record
before it was insufficient to make that determination.  "On the
record before us, the information presented regarding these drug
convictions simply does not contain the requisite information that
would permit a court to determine whether they indeed constitute
'controlled substance offenses' as defined by U.S.S.G. § 4B1.2(b)."
<u>Id.</u> at 55.  Explaining that "the Government bears the burden of
establishing that a prior conviction qualifies as a predicate
offense for sentencing enhancement purposes," the First Circuit
Court of Appeals reasoned that the documents on which the
government relied to establish defendant's 1993 drug convictions--
certified copies of the judgments--were insufficient.  <u>Id.</u> Because
the government needed to prove more than the mere existence of the
judgments, but also that the underlying offense qualifies as a
"controlled substance offense," the First Circuit Court of Appeals
applied the "categorical approach" adopted by the Supreme Court in

Taylor v. United States, 495 U.S. 575, 600-02 (1990) to make that determination. Id. at 55-56.

        The First Circuit Court of Appeals first noted that this case fits into a "narrow range of cases" warranting an analysis of "the facts that can be mined from the record of conviction," because the Commonwealth's Article 401 encompasses both predicate and non-predicate conduct. Davila-Felix, 667 F.3d at 56. It then analyzed "the facts that can be mined from the record of conviction," Id. at 56, and found that "the details of the prior conviction are not made readily apparent by the record of the convicting court." Id. at 57. "[O]n the record before us, the Government has not met its burden of proving that [defendant's] prior drug conviction qualified as a career offender predicate." Id. at 57.

        Throughout its opinion, and most notably in its holdings, the First Circuit Court of Appeals repeatedly referenced the insufficient record as to defendant's prior convictions. See infra, pp. 12-14. At the beginning of the judgment, it stated, "[T]he record does not support the imposition of a life sentence under the federal "three strikes" provision, 18 U.S.C. § 3559(c)(1). Nor does the record support the imposition of a sentence under the career offender provision of the United States Sentencing Guidelines. See U.S.S.G. § 4B1.1. Accordingly, we reverse the judgment of the district court to the extent that it imposed such a sentence and remand the case to permit the imposition of a new sentence." Davila-Felix, 667 F.3d at 49. The

First Circuit Court of Appeals later echoed that sentiment in the judgment's conclusion: "The record provides insufficient information to justify the imposition of the sentence on the basis of Mr. Davila-Felix's prior drug offenses.  Accordingly, the sentence imposed by the district court is reversed and the case is remanded for re-sentencing." <u>Id.</u> at 57.

## II. **LEGAL DISCUSSION**

Defendant advances two arguments to support its conclusion that the government is precluded from presenting new evidence at re-sentencing.  First, defendant contends that the scope of remand in this case is limited under the mandate rule, "which prevents a district court on remand from re-litigating issues decided by the appellate court on the first-go around." <u>United States v. Bryant</u>, 643 F.3d 28, 33 (1st Cir. 2011).  Specifically, defendant reasons that the Court need not determine whether or not the government may present additional documents at re-sentencing because "the First Circuit already ruled on this issue."  (Docket No. 125 at p. 5.) Second, defendant argues that the government had the chance to argue during sentencing whether defendant's June 25, 1993 convictions meet the three strike and career offender standards, but that "[i]nstead, the government <u>conceded</u> during the sentencing hearing that the July 25, 1993 state drug conviction should not be taken into consideration by the Court since the state indictment and judgment did not include the type and quantity of drugs involved.  This concession also constitutes a waiver and bars the government to re-litigate the issue." <u>Id.</u> at p. 7.  By choosing

not to present additional evidence at sentencing, defendant
contends, the government forever waived its argument that
defendant's prior convictions qualify as a predicate offense.
(Docket No. 131 at p. 7.)  Defendant's arguments are unavailing for
the reasons discussed below.

**A.    The Scope of The Remand**

The scope of a remand depends upon the determinations
made on appeal by the First Circuit Court of Appeals:  "Upon a re-
sentencing occasioned by a remand, unless the court of appeals has
expressly directed otherwise, the district court may consider only
such new arguments or new facts as are made newly relevant by the
court of appeals' decision--whether by the reasoning or by the
result."   Bryant, 643 F.3d at 33 (quoting United States v.
Ticchiarelli, 171 F.3d 24 (1st Cir. 1999)).  To determine whether
the Court may consider the government's additional evidence in this
case, therefore, the Court starts by assessing just what is open to
it on remand.  See Bryant, 643 F.3d at 33.  In its judgment, the
First Circuit Court of Appeals iterated its holding on two separate
occasions.  At the beginning, it stated:  "We hold that the record
does not support the imposition of a life sentence under the
federal 'three strikes' provision, 18 U.S.C. § 3559(c)(1).  Nor
does the record support the imposition of a sentence under the
career offender provision of the United States Sentencing
Guidelines.  See U.S.S.G. § 4B1.1.  Accordingly, we reverse the
judgment of the district court to the extent that it imposed such
a sentence and remand the case to permit the imposition of a new

sentence." <u>Davila-Felix</u>, 667 F.3d at 49.  Later, in the conclusion, it stated, "The district court's interpretation of the three strikes provision of 18 U.S.C. § 3559(c)(1) and its interpretation of the career offender guideline contained in § 4B1.1 of the Sentencing Guidelines were erroneous.  The record provides insufficient information to justify the imposition of the sentence on the basis of [defendant's] prior drug offenses.  Accordingly, the sentence imposed by the district court is reversed and the case is remanded for re-sentencing." <u>Id.</u> at 57-58.

        Nothing in the First Circuit Court of Appeals' language indicates that the remand is limited in scope.  Nowhere in the judgment does it say that the record submitted to the First Circuit Court of Appeals is the only thing available to the Court to consider at re-sentencing.  <u>See</u> <u>Bryant</u>, 643 F.3d at 33.  Nor does it expressly or impliedly forbid the district court from reconsidering defendant's sentence in any other respect.  <u>Id.</u>  The Court's original imposition of a life sentence, as the First Circuit Court of Appeals held, was made on an erroneous interpretation of both the three strikes provision and the career offender guideline.  <u>See</u> <u>generally</u> <u>Davila-Felix</u>, 667 F.3d 47.  At re-sentencing, therefore, the Court must consider defendant's prior convictions under a new interpretation of each statute.  This inevitably makes relevant additional evidence concerning defendant's June 25, 1993 convictions, such as the indictment, statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by

the Commonwealth trial judge to which the defendant assented,
because it will allow the Court to ascertain which of the multiple
offenses outlined in the Puerto Rico statute served as the offense
of conviction.  See Davila-Felix, 667 F.3d at 57.

        Moreover, the First Circuit Court of Appeals'
determinations as to the insufficiency of defendant's prior
convictions under the three strikes provision and the career
offender guideline do not preclude this Court from deciding the
issue at re-sentencing.  This is because the First Circuit Court of
Appeals repeatedly limited its findings to what was "on the record"
before it on appeal.  See, e.g., Davila-Felix, 667 F.3d at 53 ("*On
the record before us*, [defendant's] June 1993 and July 2000 drug
convictions identified in the information cannot serve as a
'serious drug offense' for the purposes of § 3559(c)(1) such that
they would qualify as a second strike under the statute.")
(emphasis added); Id. at 55 ("*On the record before us*, the
information presented regarding these drug convictions simply does
not contain the requisite information that would permit a court to
determine whether they indeed constitute 'controlled substance
offenses' as defined by U.S.S.G. § 4B1.2(b).") (emphasis added);
Id. at 57 ("[B]ut the details of the prior conviction are not made
readily apparent *by the record* of the convicting court.") (emphasis
added); Id. ("We therefore conclude that, *on the record before us*,
the Government has not met its burden of proving that [defendant's]
prior drug conviction qualified as a career offender predicate.")
(emphasis added).  Indeed, both times the First Circuit Court of

Appeals iterated its holding, it indicated that "the record before it" did not support the imposition of the Court's sentence of life imprisonment.  Davila-Felix, 667 F.3d at 49 ("We hold that *the record does not support* the imposition of a life sentence under the federal 'three strikes' provision, 18 U.S.C. § 3559 (c)(1).  *Nor does the record support* the imposition of a sentence under the career offender provision of the United States Sentencing Guidelines.") (emphasis added); Id. at 57 ("*The record provides insufficient information* to justify the imposition of the sentence on the basis of [defendant's] prior drug offenses.") (emphasis added).

     The First Circuit Court of Appeals determined, only on the record before it, that defendant's prior convictions failed to satisfy either the three strikes provision or the career offender guideline.  Its repeated references to "the record," coupled with the absence of any restriction on the scope of remand, indicate that the First Circuit Court of Appeals' findings as to defendant's prior convictions are limited, and that this Court is not precluded from determining the issues with a more complete record at re-sentencing.

     **B.   Waiver**

     To determine if a waiver occurred, a district court must look to whether a party had sufficient incentive to raise the issue in a prior proceeding.  Ticchiarelli, 171 F.3d at 32-33; see also Bryant, 643 F.3d at 34.  The district court must approach the issue of waiver under a fact-intensive and case-by-case analysis.

Ticchiarelli, 171 F.3d at 32-33.  Here, the Court concludes that there was no waiver because the government need not have argued the issue of defendant's June 25, 1993 convictions on appeal, and ample explanation exists for its decision not to present further evidence as to defendant's June 25, 1993 convictions at sentencing.  See id.

At defendant's sentencing hearing in September 2009, both parties and the Court referenced the pre-sentencing report--which contains defendant's June 25, 1993 and July 20, 2000 convictions--to determine which of defendant's prior convictions suffice under the three strikes provision and the career offender statute. (Docket No. 99 at pp. 7-13, 40-44.)  Defendant admits that the government had a choice of several convictions upon which to rely for the enhanced penalty, because the government's information (Docket No. 53) lists all four of defendant's prior convictions: May 26, 1993, June 25, 1993, July 20, 2000, and April 5, 2004. (Docket No. 83 at p. 10.)  The government did acknowledge at the sentencing hearing that the record was insufficient to determine the underlying offense of the June 25, 1993 convictions.  (Docket No. 99 at pp. 9-10.)  No incentive to delve further into the facts of those convictions existed at that time, however, because the government believed that it could still rely on another conviction--from April 5, 2004--to satisfy its burden.  Id. Indeed, the Court interpreted 18 U.S.C. § 3559(c)(1) and section 4B1.1 of the Guidelines to allow consideration of the April 5, 2004 convictions and ultimately relied on the May 26, 1993 and April 5, 2004 convictions to satisfy the three strikes provision and career

offender statute.  (Docket No. 99 at pp. 7-13, 40-44.)  Because the
Court considered the May 26, 1993 and April 5, 2004 convictions to
satisfy the government's burden, therefore, there was no incentive
for the government to present any additional evidence as to
defendant's June 25, 1993 convictions.

        Defendant points to the government's motion requesting
voluntary remand for re-sentencing submitted during the pendency of
the appeal to support defendant's claim that the government waived
its argument.  Specifically, it alleges that "the government
conceded that it failed to object to the predicate offenses used by
this honorable court to designate [defendant] as a career
offender[,] [and] . . . also argued that only the June 25, 1993
convictions qualified as a second predicate offense."  (Docket
No. 131 at p. 15.)  The First Circuit Court of Appeals denied the
government's motion, and acknowledged in its opinion that "[o]n
appeal, the Government confines its argument with respect to §
3559(c)a to one of statutory interpretation.  We therefore note
that the Government does not address whether [defendant]'s prior
drug convictions constitute predicate offenses under the federal
three strikes provision."  Davila-Felix, 667 F.3d at 53 n.7.  It
then went on "in the interest of completeness" to evaluate
defendant's prior drug convictions on the record before it.  Id.
The Court does not find this to be determinative as to the issue of
waiver under First Circuit precedent.

        As Bryant makes clear, whatever Ticchiarelli precludes
"as to arguments that were made and lost or should have been made

but were not, it can hardly extend to arguments that a party could not have reasonably been expected to make in the prior sentencing." 643 F.3d at 33-34.  Because the Court at sentencing allowed the government to proceed based on the April 5, 2004 convictions and not the June 25, 1993 convictions, the government had no further incentive at that time to present additional evidence as to the details of the June 25, 1993 convictions.  Therefore, the government has not waived its argument as to whether defendant's June 25, 1993 convictions satisfy the three strikes statute or career offender guideline.

## III. CONCLUSION

The First Circuit Court of Appeals did not limit the scope of its remand to this Court.  Indeed, after concluding that the details of defendant's prior convictions "are not made readily apparent" by the record of the convicting Commonwealth court, the First Circuit Court of Appeals illuminated the type of evidence a sentencing court may consider to determine the offense conduct underlying a prior conviction.  See Davila-Felix, 667 F.3d at 57 (indicating that although a presentence report may not ordinarily be used, the district court may consider "statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented," Shepard v. United States, 544 U.S. 13, 16 (2005), as well as the indictment of defendant's prior convictions.  United States v. Dancy, 640 F.3d 455, 466 (1st Cir. 2011)).  The First Circuit Court of Appeals' judgment

remanding the case for re-sentencing makes newly relevant the facts supporting defendant's June 25, 1993 convictions. In order to sentence defendant, the Court must apply both the three strikes provision and the career offender guideline under new statutory interpretations to defendant. This, in turn, requires the Court to consider the details underlying defendant's prior convictions. The presentation of such details is not a revival of an issue the government "allowed to die" at the original sentencing hearing. To the contrary, it breathes life into a previously dormant issue because the Court's initial statutory interpretations did not require consideration of those details at sentencing. See Ticchiarelli, 171 F.3d at 32. The government, therefore, should not be precluded from presenting additional evidence as to defendant's June 25, 1993 convictions, see Bryant, 643 F.3d at 33, and the Court concludes that it MAY CONSIDER such documents for re-sentencing.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, December 6, 2012.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE